# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

VERA McFERREN,                    )
                                  )
        Plaintiff,                )        No. 06 C 2362
                                  )
        v.                        )        Judge Ronald A. Guzmán
                                  )
VILLAGE OF DOLTON,                )
WILLIAM SHAW and                  )
CARL FORN,                        )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued the Village of Dolton ("the Village"), Carl Forn and William Shaw for their alleged violations of her rights under 42 U.S.C. §§ 1981, 1983 and state law. Defendants have each filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss some of the claims asserted against them in the amended complaint. For the reasons set forth below, the motions are granted in part and denied in part.

## Facts

Plaintiff is an African-American woman who was hired by the Village on June 2, 2003 as Assistant Personnel Director and Risk Manager. (Am. Compl. ¶¶ 1, 7.) Beginning in the summer of 2005, the Village's Account and Payable Manager Carol Hassler, who is white, made derogatory remarks about African Americans to plaintiff and other African-American employees. (*Id.* ¶ 8.)

In accordance with the Village's harassment policy, on August 2, and 5, 2005, plaintiff submitted written complaints of discrimination and harassment to defendant Shaw, who is Mayor of the Village, and defendant Forn, who is the Village Treasurer. (*Id.* ¶¶ 3-4, 9-10.) Though the policy

requires defendants to investigate such complaints promptly, they failed to conduct any investigation. (*Id.* ¶¶ 9, 11.) Consequently, on October 17, 2005, plaintiff filed a charge of discrimination with the EEOC. (*Id.* ¶ 12.)

In November 2005, plaintiff applied for a promotion to Personnel Director/Risk Manager. (*Id.* ¶ 13.) On January 18, 2006, the Village hired Linda Grant, a less qualified candidate, for that position. (*Id.* ¶ 15.) The same month, Hassler locked plaintiff out of the office and screamed racial epithets at her. (*Id.* ¶ 14.) On February 3, 2006, plaintiff resigned from the Village. (*Id.* ¶ 16.)

## Discussion

All three defendants seek dismissal of Count II of the amended complaint, which asserts against them a section 1981 racial harassment claim. Defendants say the claim must be dismissed because plaintiff has not alleged that she was discriminated against with respect to a contractual right, as required by the statute. *See* 42 U.S.C. § 1981(a) (stating, in relevant part, that African Americans "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens"). Because plaintiff's employment with the Village was at-will, not contractual, defendants contend that she cannot state a viable section 1981 claim.

Defendants interpret the term "contract" too narrowly. As the Seventh Circuit explained in *Walker v. Abbott Laboratories*, "at-will employment, though capable of being terminated by either party at any time, is nonetheless a contractual relationship." 340 F.3d 471, 476 (7th Cir. 2003). Moreover, the court noted, excluding at-will employment relationships from the ambit of section 1981 would "contravene Congress's intention [that] the Civil Rights Act of 1991 . . . restore the broad scope of Section 1981 to ensure that all Americans may not be harassed, fired or otherwise discriminated against in contracts because of their race." *Id.* at 477 (quotation omitted). Thus, the court held that at-will

2

employment relationships are governed by section 1981, a holding that defeats defendants' argument. *See id.* at 476-77.

Forn and Shaw also seek to dismiss Count IV of the amended complaint, in which plaintiff asserts that their failure to address the harassment and promote her violated her equal protection rights. To state a viable equal protection claim, plaintiff must allege that defendants intentionally discriminated against her based on her race. *Washington v. Davis*, 426 U.S. 229, 239 (1976). Plaintiff alleges that she is African American, but she does not allege that defendants' acts or omissions were motivated by her race, and we cannot infer that they were from the allegations she does make. Thus, plaintiff has not stated a viable equal protection claim.

Even if she had, defendants argue, plaintiff's claim would still be flawed because she has not pleaded the elements necessary to impose section 1983 liability on them in either their official or individual capacities. The Court disagrees. Plaintiff alleges that Shaw and Forn knew that she was being harassed by Hassler but ignored her complaints, are final policy makers for the Village, and have a practice of ignoring complaints of racial harassment asserted by Village employees. (Am. Compl. ¶¶ 10-11, 22-23.) Those allegations are sufficient to state claims against defendants in both capacities. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding that municipality can be held liable under section 1983 only if the alleged injury was caused by a municipal policy or custom); *Baxter ex rel. Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994) (stating that a "policy" within the meaning of *Monell* is, among other things, action by a person with final policy-making authority); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992) ("An official-capacity suit merely represents another way of pleading an action against an entity of which an officer is an agent and is treated as a suit against that entity."); *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)

3

(stating that defendant can be individually liable under section 1983 only if he caused the constitutional deprivation or "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye" to it).

The Village also seeks dismissal of Count V, a breach of contract claim. To state such a claim, plaintiff must allege that she had a valid contract with the Village, she performed all of her obligations under it, the Village breached the contract, and plaintiff was damaged as a result. *Klem v. Mann*, 665 N.E.2d 514, 518 (Ill. App. Ct. 1996). Read favorably to her, the amended complaint alleges that plaintiff had an employment contract with the Village that required it to abide by the harassment policy in its Personnel Policy Manual. (*See* Am. Compl. ¶¶ 34-36.) The Village says these allegations are infirm because the Manual cannot, as a matter of law, create contractual obligations.

An employee handbook like the Manual can create an employment contract but only if the common law contract formation requirements are met:

> First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.

*Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (1987). Whether an employee handbook creates a contract is a question of law. *Doyle v. Holy Cross Hosp.*, 682 N.E.2d 68, 71 (Ill. App. Ct. 1997), *aff'd*, 708 N.E.2d 1140 (Ill. 1999).

The Manual in this case does not contain an offer, the first element of contract formation. On the contrary, the Manual, which went into effect six months before plaintiff was hired, plainly states that it "is not a contract, nor is it intended to create a contract of employment." (*See* Village Mot. Dismiss, Ex. A, Village of Dolton Policy & Procedure Manual, Cover & 2.)[1] Because plaintiff could

---

[1]The Court can consider the Manual in connection with this motion, though it is not attached to the amended complaint, because it is referred to the complaint and is central to plaintiff's claims. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

4

not reasonably have believed that the Manual gave her a contractual right to have her harassment complaint addressed, or addressed in a particular manner, the Manual cannot be the basis for a breach of contract claim. *See Anders v. Mobil Chem. Co.*, 559 N.E.2d 1119, 1122 (Ill. App. Ct. 1990) (holding that contract disclaimer in handbook "compels our conclusion that the handbook does not . . . contain a promise clear enough that an employee would reasonably believe that an offer has been made" (quotation omitted)).

## Conclusion

For the reasons stated above, defendants' motions to dismiss [doc. nos. 23-3, 29 & 31] are granted in part and denied in part. The Village's motion is granted as to Count V of the amended complaint, which is dismissed with prejudice, but is denied as to Count II. Forn and Shaw's motions are granted as to Count IV, which is dismissed without prejudice, but are denied as to Count II. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend Count II in accordance with this Opinion, if she can do so and comply with Rule 11. If no amendment is timely filed, Count II will be dismissed with prejudice.

**SO ORDERED.**        **ENTERED:** $2/16/07$

HON. RONALD A. GUZMAN
United States District Judge

5